1  Michael K. Friedland (SBN 157,217)
   mfriedland@knobbe.com
2  Ali S. Razai (SBN 246,922)
   ali.razai@knobbe.com
3  Laura E. Hall (SBN 280,840)
   Laura.hall@knobbe.com
4  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street, Fourteenth Floor
5  Irvine, CA 92614
   Telephone: (949) 760-0404
6  Facsimile: (949) 760-9502

7  Attorneys for Plaintiff
   OAKLEY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKLEY, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>FRY'S ELECTRONICS, INC., a California corporation, and NIGHT OWL SP, LLC, a Florida company,<br><br>Defendants. | Civil Action No. '13CV1292 WQH BGS<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Oakley, Inc. ("Oakley") hereby complains of Defendants Fry's Electronics, Inc. ("Fry's") and Night Owl SP, LLC ("Night Owl") (collectively, "Defendants") and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338, as it arises under the patent laws of the United States.

2. This Court has personal jurisdiction over Defendants because Defendants each have a continuous, systematic, and substantial presence within this judicial district including by selling and offering for sale infringing products for sale in this judicial district, and by committing acts of patent infringement in this judicial district, including but not limited to selling infringing eyewear directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in California and this district, which acts form a substantial part of the events or omissions giving rise to Oakley's claim.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391 (b) and (c), and 28 U.S.C. § 1400(b).

## II. THE PARTIES

4. Plaintiff Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant Fry's is a corporation organized and existing under the laws of the state of California, having its principal place of business at 600 E. Brokaw Road, San Jose, California 95112.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant Night Owl is a limited liability company organized and existing

under the laws of the state of Florida, having its principal place of business at 4720 Radio Road, Naples, Florida 34104.

7. Oakley is informed and believes, and thereon alleges, that Defendants have each committed the acts alleged herein within this judicial district.

### III. GENERAL ALLEGATIONS

8. Oakley has been actively engaged in the manufacture and sale of high quality eyewear since at least 1985. Oakley is the manufacturer and retailer of several lines of eyewear that have enjoyed substantial success and are protected by various intellectual property rights owned by Oakley.

9. On June 20, 2006, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D523,461 ("the D461 Patent"), entitled "EYEGLASS COMPONENT." Oakley is the owner by assignment of all right, title, and interest in the D461 Patent. A true and correct copy of the D461 Patent is attached hereto as Exhibit A.

10. Defendants manufacture, use, sell, offer for sale and/or import into the United States eyewear that infringes Oakley's intellectual property rights.

### IV. CLAIM FOR RELIEF

(Patent Infringement)
(35 U.S.C. § 271)

12. Oakley repeats and re-alleges the allegations of paragraphs 1-11 of this complaint as if set forth fully herein.

13. This is a claim for patent infringement under 35 U.S.C. § 271.

14. Defendants, through their agents, employees and servants, have, and continue to, knowingly, intentionally and willfully infringe the D461 Patent by making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D461 Patent, including Defendants' *Covert Video Sunglasses*.

15. Defendants' acts of infringement of the D461 Patent were undertaken without permission or license from Oakley. Defendants had knowledge of the D461 Patent and their actions constitute willful and intentional infringement of the D461 Patent. Defendants infringed the D461 Patent with reckless disregard of Oakley's patent rights. Defendants knew, or it was so obvious that Defendants should have known, that their actions constituted infringement of the D461 Patent. Defendants' acts of infringement of the D461 Patent were not consistent with the standards for their industry.

16. As a direct and proximate result of Defendants' infringement of the D461 Patent, Defendants have derived and received gains, profits, and advantages in an amount not presently known to Oakley.

17. Pursuant to 35 U.S.C. § 289, Oakley is entitled to Defendants' total profits from Defendants' infringement of the D461 Patent.

18. Pursuant to 35 U.S.C. § 284, Oakley is entitled to damages for Defendants' infringing acts and treble damages, together with interests and costs as fixed by this Court.

19. Pursuant to 35 U.S.C. § 285, Oakley is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

20. Due to the aforesaid infringing acts, Oakley has suffered great and irreparable injury, for which Oakley has no adequate remedy at law.

21. Defendants will continue to infringe the D461 Patent to the great and irreparable injury of Oakley, unless enjoined by this Court.

**WHEREFORE**, Oakley prays for judgment in its favor against Defendants for the following relief:

A. An Order adjudging Defendants to have infringed the D461 Patent under 35 U.S.C. § 271;

B. An Order adjudging Defendants' infringement to have been willful;

C. A preliminary and permanent injunction enjoining Defendants,

their respective officers, directors, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendants, from infringing the D461 Patent in violation of 35 U.S.C. § 271;

D.   That Defendants account for all gains, profits, and advantages derived by Defendants' infringement of the D461 Patent in violation of 35 U.S.C. § 271, and that Defendants pay to Oakley all damages suffered by Oakley and/or Defendants' total profits from such infringement;

E.   An Order for a trebling of damages and/or exemplary damages because of Defendants' willful conduct pursuant to 35 U.S.C. § 284;

F.   An Order adjudging that this is an exceptional case;

G.   An award to Oakley of the attorneys' fees and costs incurred by Oakley in connection with this action pursuant to 35 U.S.C. § 285;

H.   An award of pre-judgment and post-judgment interest and costs of this action against Defendants;

I.   That Oakley have and recover the costs of this civil action, including reasonable attorneys' fees.

J.   An award of pre-judgment and post-judgment interest and costs of this action against Defendants;

K.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 4, 2013           By: /s/Ali S. Razai
                              Michael K. Friedland
                              Ali S. Razai
                              Laura E. Hall

                              Attorneys for Plaintiff
                              OAKLEY, INC.

- 4 -                                            COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff Oakley, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 4, 2013        By: */s/Ali S. Razai*
　　　　　　　　　　　　　　Michael K. Friedland
　　　　　　　　　　　　　　Ali S. Razai
　　　　　　　　　　　　　　Laura E. Hall

　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　OAKLEY, INC.

15529096

## TABLE OF EXHIBITS

**Page #**

Exhibit A ................................................................................................................... 1

15494211

# EXHIBIT A

US00D523461S

# (12) United States Design Patent
## Jannard et al.

(10) Patent No.: **US D523,461 S**
(45) Date of Patent: ** **Jun. 20, 2006**

| | | | |
|---|---|---|---|
| (54) | **EYEGLASS COMPONENT** | | |
| (75) | Inventors: | **James H. Jannard**, Spieden Island, WA (US); **Hans Karsten Moritz**, Foothill Ranch, CA (US); **Lek Thixton**, Orcas, WA (US) | |
| (73) | Assignee: | **Oakley, Inc.**, Foothill Ranch, CA (US) | |
| (**) | Term: | **14 Years** | |
| (21) | Appl. No.: | **29/227,304** | |
| (22) | Filed: | **Apr. 7, 2005** | |

### Related U.S. Application Data

(62) Division of application No. 29/218,487, filed on Dec. 2, 1906.

(51) **LOC (8) Cl.** .................................................. **16-06**
(52) **U.S. Cl.** ..................... **D16/309**; D16/330; D16/335
(58) **Field of Classification Search** ........ D16/300–330, D16/101, 332–338; D29/109–110; D24/110.2; 351/41, 44, 51–52, 158, 92, 103–111, 130, 351/61; 2/426–432, 448, 441, 447, 434–437; D14/189, 192, 372
See application file for complete search history.

### (56) References Cited

#### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D137,753 S | | 4/1944 | Rey |
| D146,538 S | | 4/1947 | Gagnon |
| D207,919 S | * | 6/1967 | Lui ............................ 351/158 |
| 3,665,122 A | | 5/1972 | Weiss |
| 3,741,635 A | | 6/1973 | Wortman |
| 3,809,829 A | | 5/1974 | Vignini et al. |
| 3,883,701 A | | 5/1975 | Delorenzo |
| 4,773,095 A | | 9/1988 | Zwicker et al. |
| 4,856,086 A | | 8/1989 | McCullough |
| 4,882,769 A | | 11/1989 | Gallimore |
| 4,904,078 A | | 2/1990 | Gorike |
| 5,020,150 A | | 5/1991 | Shannon |
| 5,029,216 A | | 7/1991 | Jhabvala et al. |
| 5,159,639 A | | 10/1992 | Shannon et al. |
| 5,281,957 A | | 1/1994 | Schoolman |
| 5,335,285 A | | 8/1994 | Gluz |
| 5,367,345 A | | 11/1994 | da Silva |
| D371,383 S | | 7/1996 | Goldman |
| 5,579,400 A | | 11/1996 | Ballein |
| 5,606,743 A | | 2/1997 | Vogt et al. |
| 5,608,808 A | | 3/1997 | da Silva |
| 5,694,475 A | | 12/1997 | Boyden |
| 5,715,323 A | | 2/1998 | Walker |
| 5,717,479 A | | 2/1998 | Rickards |
| 5,737,436 A | | 4/1998 | Boyden |
| 5,781,272 A | * | 7/1998 | Bright et al. ................ 351/123 |
| D418,153 S | * | 12/1999 | Haney ........................ D14/189 |
| 6,010,216 A | | 1/2000 | Jesiek |
| 6,012,812 A | | 1/2000 | Rickards |
| D426,845 S | * | 6/2000 | Green et al. ................ D16/335 |
| 6,091,546 A | | 7/2000 | Spitzer |
| 6,091,832 A | | 7/2000 | Shurman et al. |
| D435,058 S | * | 12/2000 | Green et al. ................ D16/314 |
| D445,416 S | | 7/2001 | Glezerman |

(Continued)

### OTHER PUBLICATIONS

U.S. Appl. No. 29/218,487, filed Dec. 2, 2004, Jannard, et al.
Oakley, Inc., Oakley Official Eyewear Catalog 2003/2004, Oakley, Inc., published May 2003, Foothill Ranch, California.

*Primary Examiner*—Raphael Barkai
(74) *Attorney, Agent, or Firm*—Gregory K. Nelson

### (57) CLAIM

The ornamental design for an eyeglass component, as shown and described.

### DESCRIPTION

FIG. **1** is a front perspective view of the eyeglass component of the present invention;
FIG. **2** is a front elevational view thereof;
FIG. **3** is a rear elevational view thereof;
FIG. **4** is a left-side elevational view thereof, the right-side elevational view being a mirror image thereof;
FIG. **5** is a top elevational view thereof; and,
FIG. **6** is a bottom plan view thereof.

**1 Claim, 4 Drawing Sheets**



EXHIBIT A
PAGE 1

## US D523,461 S
Page 2

**U.S. PATENT DOCUMENTS**

| | | |
|---|---|---|
| 6,272,359 B1 | 8/2001 | Kivela et al. |
| 6,301,050 B1 | 10/2001 | DeLeon |
| 6,301,367 B1 | 10/2001 | Boyden et al. |
| 6,409,338 B1 * | 6/2002 | Jewell .................. 351/158 |
| 6,421,031 B1 | 7/2002 | Ronzani et al. |
| D462,708 S * | 9/2002 | Miller et al. ............ D16/309 |
| 6,456,721 B1 | 9/2002 | Fukuda |
| 2002/0098877 A1 | 7/2002 | Glezerman |
| 2002/0197961 A1 | 12/2002 | Warren |
| 2003/0022690 A1 | 1/2003 | Beyda et al. |
| 2003/0068057 A1 | 4/2003 | Miller et al. |
| 2004/0000733 A1 | 1/2004 | Swab et al. |
| 2004/0132509 A1 | 7/2004 | Glezerman |
| 2004/0239874 A1 | 12/2004 | Swab et al. |

* cited by examiner

**EXHIBIT A**
**PAGE 2**



**FIG. 1**



**FIG. 2**



**FIG. 3**



**FIG. 4**



FIG. 5

Case 3:13-cv-01292-DMS-WMC   Document 1   Filed 06/04/13   PageID.14   Page 14 of 14

U.S. Patent    Jun. 20, 2006    Sheet 4 of 4    US D523,461 S



**FIG. 6**